UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOHN CUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1022 |
| | ) | |
| ELIZABETH GABLE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Gable, his primary care doctor, misdiagnosed the cause of an allergic reaction and continued to prescribe him the blood pressure medication to which he was allergic. Plaintiff alleges that Defendants Ejidike, Graig, Evans, and Karjala, all emergency room doctors, failed to appreciate the seriousness of the second allergic reaction that resulted

from the blood pressure medication. Plaintiff alleges that Defendants' lack of urgency required him to have an emergency tracheotomy. Plaintiff alleges that Defendant Powers, a Peoria County Jail official, has failed to provide medical treatment for cost reasons.

Plaintiff's complaint is unclear about whether he was detained at Peoria County Jail at the time these events occurred. If he was not, Defendant Powers had no constitutional responsibility to provide medical treatment for Plaintiff, no plausible inference arises that the doctors Plaintiff sued were state actors for purposes of § 1983, and any claims Plaintiff may have would arise under state, not federal, law.

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 20th day of April, 2023.

                                                *s/Sara Darrow*
                                              SARA DARROW
                                    CHIEF U.S. DISTRICT JUDGE